Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 CR 837 - 4 | **DATE** | 8/7/2001 |
| **CASE TITLE** | Rangel vs. The United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Mr. Rangel's challenge to his sentence, his section 2255 motion is dismissed; and his motion to dismiss the indictment is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 2 number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | AUG 08 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | 281 |
| | Copy to judge/magistrate judge. | | 8/7/2001 date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

FILED FOR DOCKETING
01 AUG -7 PM 6:00

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BONIFACIO RANGEL, )
)
    Petitioner, )
)
v. ) No. 98 CR 837-4
)
UNITED STATES, )
)
    Respondent. )

DOCKETED
AUG 0 8 2001

## MEMORANDUM OPINION AND ORDER

In May of 2000, Mr. Bonifacio Rangel pleaded guilty to conspiracy to possess marijuana with intent to distribute, and I sentenced him under the federal Sentencing Guidelines to 97 months in prison. In the plea agreement, he waived his right to appeal any issue, or to contest his sentence by collateral attack. Mr. Rangel nonetheless invokes 28 U.S.C. § 2255,[1] to challenge his indictment apparently for failing to give proper notice of the crime for which he was convicted, and he challenges his sentence under *Apprendi v.*

---

[1] Although a motion under 28 U.S.C. § 2255 is a civil action in which the government is the respondent and the criminal defendant the petitioner, as I have styled them here, Mr. Rangel filed his claim under his criminal case number. Substantively, it does not matter: "[T]he type of docket number affixed to the petition by the district court clerk or by the petitioner himself [does not] determine[] whether the proceeding is criminal or civil. . . . Motions that are technically filed 'in' criminal proceedings may nonetheless be treated as civil. The substance and context, and not the label, of the proceeding . . . determine its civil or criminal character. *Betts v. United States,* 10 F.3d 1278, 1282 (7th Cir. 1993).

*New Jersey*, 120 S.Ct. 2348 (2000). I dismiss the challenge to his sentence, and deny the motion to dismiss the indictment. Mr. Rangel's motion is not the clearest, but he is pro se, and "pro se submissions are to be liberally construed." *Blake v. United States*, 841 F.2d 203, 205 (7th Cir. 1988) (§ 2255 context) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).

The government argues that I must dismiss Mr. Rangel's § 2255 petition altogether because of the express agreement in his plea agreement to waive his right to challenge his sentence under § 2255. Mr. Rangel's plea agreement waives his right "to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to a motion brought under [28 U.S.C. § 2255]." With regard to his challenge to the sentence, this is correct.

Mr. Rangel may avoid the effect of such a waiver if he can show that it was due to constitutionally ineffective assistance of counsel. *United States v. Bridgeman,* 229 F.3d 589, 592 (7th Cir. 2000). A criminal defendant has a right to effective assistance of counsel in deciding whether to accept or reject a proposed plea agreement. *Johnson v. Duckworth*, 793 F.2d 898, 900 (7th Cir. 1986). To prevail upon an ineffective assistance claim, Mr. Rangel "must establish both that trial counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the outcome of the proceedings." *United*

-2-

States v. Cooke, 110 F.3d 1288, 1299 (7th Cir. 1997) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate prejudice arising from counsel's deficient performance which led to the entry of a guilty plea, a defendant must establish that, but for counsel's erroneous advice, the defendant would not have entered the guilty plea, *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996), or not on those terms. I may also look to the analogous circumstance of a Sixth Amendment challenge to the rejection of a plea agreement, where the Seventh Circuit has insisted on "objective evidence" that there was "a reasonable probability" that a defendant would have accepted the proposed plea agreement without defense counsel's incompetent advice. *Paters v. United States*, 159 F.3d 1043, 1046 (7th Cir. 1998) (citing *Toro v. Fairman*, 940 F.2d 1065 (7th Cir. 1991)).

Mr. Rangel's argument is that his counsel's "failure to recognize and preserve these errors [*i.e.*, the ones argued in his petition] . . . . denied this petitioner[] the assistance of counsel." A cursory assertion that counsel might have made certain arguments to his client or offered him certain advice that he did not make or offer is insufficient, not least when what is at issue is in part whether Mr. Rangel would have pleaded guilty even if he had heard those arguments or had received that advice. He does not offer "objective," or any, evidence that he would have acted differently, for example the sort that the court suggested might

-3-

have been successful if properly raised in *Toro*, where the defendant spoke almost no English and counsel admitted that he made an "emotional" rather than a rational, professional decision. He does not even argue that his counsel failed to discuss the waiver provision with him, as the Seventh Circuit required in *Johnson*. Nor does Mr. Rangel offer any explanation of why there was a "reasonable probability" that he would have rejected a plea agreement if his counsel had presented him with the arguments that form the basis of his § 2255 petition. I conclude that he has not shown that, but for the ineffective assistance of his counsel, he would not have accepted the plea agreement, or that he would not have accepted it with the contested provision.

Furthermore, Mr. Rangel's *Apprendi* argument is incorrect. *Apprendi* requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond reasonable doubt. 120 S.Ct. at 2362-63. However, in the first place, *Apprendi* does not cancel Mr. Rangel's waiver of his right to a jury trial in his plea agreement, and, second, I did not rely on any facts determined under a standard lower than "beyond a reasonable doubt." If Mr. Rangel had gone to trial, then, if there had been some fact that increased his sentence beyond the statutory maximum, *Apprendi* would give him the right to have it determined by a jury under criminal standards of proof. However, he waived his right to a jury trial. If I had

-4-

determined the facts underlying his sentence under a preponderance of the evidence standard, he might have an *Apprendi* argument. But I "did not rely on facts that were found using the preponderance of evidence standard to calculate [Mr. Rangel's] sentence. Instead, [I] relied solely on those facts to which [Mr. Rangel] admitted in his plea agreement." *United States v. Keoho*, No. 99-10531, 2001 WL 133138, at *1 (9th Cir. Feb. 12, 2001.) (unpublished order). Finally, Mr. Rangel was not sentenced to the statutory maximum. The indictment charged him under 21 U.S.C. §§ 846 and 963 with conspiracy to import more than 100 kilos of marijuana, triggering the penalties prescribed in 21 U.S.C. § 960(b)(2)(G), which specifies a statutory maximum of 40 years. Mr. Rangel received a 97 month sentence, or a little more than eight years.

Therefore, Mr. Rangel's counsel was right to not urge him to reject the plea agreement because of any reasons based on *Apprendi*, and in that regard his performance was not constitutionally deficient. It is not ineffective assistance of counsel not to make a meritless argument to a client or to refuse to offer him bad advice. *See United States v. Neely*, 189 F.3d 670, 684 (7th Cir. 1999) (Counsel cannot be considered ineffective for "failing to [object] to the introduction of evidence that was properly admitted."); *accord United States v. Draves*, 103 F.3d 1328, 1335-36 (7th Cir. 1997).

Mr. Rangel also contests his conviction as well as his sentence. Contrary to what the government suggests, he may do this. The plea agreement states that the defendant waived his right "to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to a motion brought under [28 U.S.C. § 2255]."[2] The Seventh Circuit has held that this language does not waive challenge to a defendant's conviction. *Bridgeman,* 229 F.3d at 592 (citing *Blacharski v. United States,* 215 F.3d 792, 793-94 (7th Cir. 2000)). The *Bridgeman* court contrasts the language in the plea agreement in *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000)("I also agree not to contest my sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to a proceeding under [§ 2255]", with that in *Jones v. United States,* 167 F.3d 1142, 1143 n.1 (7th Cir. 1999) ("[Y]our client knowingly and voluntarily waives the right to appeal or contest directly, under . . . [§ 2255], or otherwise, his conviction and the eventual sentence . . . on any grounds). *Bridgeman,* 229 F.3d at 591. Because

---

[2] In his plea agreement, Mr. Rangel retained the right to "appeal the validity of this plea of guilty or the sentence" (Plea Agreement, p. 11). In context, the meaning of this is not transparent. It would seem to mean that Mr. Rangel may indeed attack both his plea and his sentence on appeal, *i.e.,* that he had not made the usual waiver of appellate rights. But it is hard to square this with the waiver of Mr. Rangel's right to challenge his sentence or the manner in which it was determined. However, this is not an appeal, and the meaning of the language pertaining to appellate rights is a matter for the Seventh Circuit to resolve, not for me.

-6-

the scope of waiver "is shown by express language of plea agreement and [the] government, as drafter, must be held to agreement's literal terms," *id.* at 591-92 (citing *United States v. Anglin*, 215 F.3d 1064, 1067 (9th Cir. 2000)), the *Jones* language waives any § 2255 challenge to either sentence or conviction, but the similar *Mason* language waives only a § 2255 challenge to the sentence, but not the conviction. *Id.*

Mr. Rangel's challenge to his sentence is dismissed. His challenge to his conviction is not, but fails nonetheless. He argues that he should not have been indicted, and could not be convicted, because the indictment charged him only with violations of 21 U.S.C. §§ 841(a)(1); 846, 952(a); 960, and 963 (setting forth various drug offenses), but failed to charge "any portion of 21 [U.S.C.] § 841(b) et[] seq. or 960(b)" (listing penalties); and therefore I lacked jurisdiction. (In fact the Third Superceding Indictment under which Mr. Rangel ultimately pleaded guilty charged him under §§ 963 and 846, the conspiracy counts, but it was easy to become confused in view of the flurry of superceding indictments.)

Mr. Rangel argues that he was denied due process because he was not put on notice of the possible penalties involved in his crime, and so was not informed of the elements of the crimes. *See Hamling v. United States*, 418 U.S. 87, 117 (1974) (An indictment must "contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend. .

-7-

."). But the penalty is not an "element" of a crime. *See United States v. Smith*, 34 F.3d 514, 517-18 (7th Cir. 1994) (distinguishing, for purposes of determining what is a lesser included offense "the penalties of the two crimes" and "the elements of each crime"). As the Seventh Circuit has explained, 841(b) is a penalty provision having "nothing to do with the substantive elements of the underlying offense." *United States v. Damerville*, 27 F.3d 254, 258 (7th Cir. 1994) (citing *United States v. Acevedo*, 891 F.2d 607, 611 (7th Cir. 1989)). The same point applies to the structurally analogous § 960. The elements of conspiracy, set forth in Mr. Rangel's case in 21 U.S.C. §§ 846 and 963, referring to the elements of the underlying drug offenses that were the object of the conspiracies there charged, *see id.* § 960, are what the government must prove beyond a reasonable doubt, if a case goes to trial, or they constitute the conduct that a defendant admits if he pleads. The penalty is what can happen to him if the government proves that he committed the elements of a crime, or if he pleads guilty to having committed the elements of the crime. To put it another way, the government does not have to prove beyond a reasonable doubt that a defendant will spend a certain amount of time in prison, nor is incarceration something that a defendant admits when he pleads guilty to having committed a crime.

Mr. Rangel replies by referring me to a statement of Justice Scalia's made in oral arguments to *Edwards v. United States*, 62

*Crim. Law R.* 3175, 3176 (BNA) (Mar. 4, 1999). Justice Scalia remarked that there are no penalties under § 841(a), which section therefore "cannot be the object of conspiracy under the language of § 846." The United States' counsel disagreed, and observed that the penalties for § 841(a) are enumerated in § 841(b). Justice Scalia then said that "§ 841(b) then becomes part of the offense." Mr. Rangel observes that the same argument would apply to 960(b). However, this is no help to Mr. Rangel.

First, the views of a justice at oral argument are not law. *See United States v. Grace*, 461 U.S. 171, 183 (1983) ("Court decisions are made on the record . . . and in accordance with the applicable law. The views of the parties and of others are to be presented by briefs and oral argument."). The questions and statements that justices and other judges make at oral argument on appeal are made to satisfy their concerns about the arguments raised by the parties, and do not represent binding statements of law. The law is in the holdings of the published opinions voted on by the Court in the cases. Therefore, even if the exchange on which Mr. Rangel relies did unequivocally show that Justice Scalia agreed with Mr. Rangel's view, that would not help him. And although Justice Scalia's first observation taken in isolation might suggest that he did agree Mr. Rangel, taken as a whole the exchange does not even do that. Justice Scalia appears to take counsel's point, and draw a conclusion from it.

Moreover, there is no case law that I can find that does support Mr. Rangel. The published report of *Edwards v. United States*, 523 U.S. 511 (1998), does not even discuss the issue Mr. Rangel raises, and my research revealed no federal case from any court that supports his view. The reason is, as explained, the penalty is not an element of the crime. The challenge to Mr. Rangel's indictment and conviction is denied.

With respect to Mr. Rangel's challenge to his sentence, his § 2255 motion is DISMISSED; and with respect his challenge to his conviction, it is DENIED.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: August 7, 2001